IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| New Legend Debt By Meitav Limited Partnership,<br><br>Plaintiff,<br><br>-against-<br><br>Peter C. Cubba, Stephen P. Cubba, and Jill A. Cubba, and DOES 1 through 25, inclusive,<br><br>Defendants. | Civil Case No: 2:25-cv-11538<br><br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Raymond J. Markovich, Esq.
U.S. Law Group
*aka* Usman Shaikh Law Group
427 N. Canon Drive, Suite 206
Beverly Hills, CA 90210
M:	323-401-8032
Tel:	212-634-4545
Fax:	212-634-4546
ray@uslawgroupinc.com

**COMPLAINT AND DEMAND FOR JURY TRIAL**

NOW COME the above-named Plaintiff ("Lender"), by and through its attorney, Raymond J. Markovich, Esq. of U.S. Law Group, and state as its claims against the above-named Defendants the following:

**PARTIES, JURISDICTION AND VENUE**

1. The amount in controversy exceeds $75,000, exclusive of interest, costs and attorney's fees.

2. Plaintiff New Legend Debt By Meitav Limited Partnership ("Lender") is an Israeli limited partnership. None of Lender's general or limited partners are resident or domiciled in Michigan, United States of America.

3. Peter C. Cubba ("Peter") is a resident of Oakland County, Michigan and is domiciled in Oakland County, Michigan.

4. Upon information and belief, Stephen P. Cubba ("Stephen") is a resident of Wayne County, Michigan and is domiciled in Wayne County, Michigan.

5. Upon information and belief, Jill A. Cubba ("Jill") is a resident of Wayne County, Michigan and is domiciled in Wayne County, Michigan.

6. Defendants DOES 1 through 25, inclusive, are currently unknown to Lender but could also be jointly and severally liable to Lender.

7. This Court also has diversity jurisdiction over this action pursuant to 28 U.S.C. §1332(a) because there is complete diversity of citizenship among Lender and all Defendants and the amount in controversy for Lender exceeds $75,000.

8. Upon information and belief, all Defendants are domiciled within the Eastern District of Michigan and this Court thus has personal jurisdiction over all Defendants.

9.      Venue is proper under 28 U.S.C. §1391(b)(1),(2) and/or (3).

## FACTUAL ALLEGATIONS

10.     On or about July 2022, Lender began negotiations with FAE FILM NANDOR LTD ("Borrower") concerning a potential loan from Lender to Borrower ("Loan").

11.     On or about August 16, 2022, Sasha Yelaun on behalf of Borrower advised Lender that Peter would guarantee the Loan.

12.     On or about July and August 2022, Peter provided Lender with brokerage account statements for PJC Investments, LLC ("PJC") which showed assets in excess of $7,000,000.

13.     On or about September 15, 2022, the June B. Cubba Trust ("Trust") owned 96% of the total membership interest in PJC.

14.     Attached hereto and incorporated herein as Exhibit 1 is a Resolution And Consent Of Co-Trustees of the Trust dated as of September 15, 2022 ("Resolution") in which Peter, Stephen and Jill represented to Lender that:

  A.    Peter, Stephen and Jill are now the only Co-Trustees under the Trust;

  B.    Peter, Stephen and Jill are now the primary beneficiaries of the Trust;

  C.    Peter, Stephen and Jill plan to distribute all Trust assets to the beneficiaries within 30 days ("Distribution");

  D.    until such Distribution, Peter would like to use his beneficial interest, through the Trust, of 32% of the total membership interest in PJC and 32% of the assets of PJC to guarantee one or more personal investments; and

  E.    that Peter, Stephen and Jill unanimously consent to Peter using his beneficial interest, through the Trust, of 32% of the total membership interest in PJC and 32% of the assets of PJC to guarantee one or more personal investments.

15. Peter, Stephen and Jill made the foregoing representations and executed the Resolution to induce Lender to make the Loan to Borrower and/or to induce Lender to execute the Guaranty Agreement ("Guaranty") with Peter.

16. Having been induced by Peter, Stephen and Jill, Lender executed the Guaranty with Peter and pursuant to a financing agreement between Lender and Borrower, Lender made the Loan to Borrower in the principal amount of $1,910,493 ("Financing Agreement").

17. Pursuant to an amendment to the Financing Agreement dated as of November 10, 2022, Lender agreed to loan an additional $12,000 to Borrower in order to satisfy Borrower's obligation of $12,000 to Peter ("Amendment") and Lender did directly pay $12,000 to Peter as instructed by Peter in full satisfaction of Borrower's obligation to Peter.

18. Pursuant to the Amendment, the principal amount of the Loan from Lender to Borrower increased by $12,000 to $1,922,493 and the Repayment Amount was agreed to be $2,249,800.

19. As an inducement for the Loan from Lender and $12,000 paid by Lender to Peter, Peter agreed to guaranty the performance of all of Borrower's obligations pursuant to the Financing Agreement and the Amendment.

20. Pursuant to the Guaranty, Peter unconditionally and irrevocably guaranteed to Lender the complete and punctual payment and other performance of all present and future Obligations as such Obligations are defined in the Guaranty.

21. The Guaranty defines Obligations as "any and all obligations of any of Borrower to Lender, whether now existing or hereafter arising, liquidated or contingent, including, without limitation, the Repayment Amount (as defined in the Financing Agreement)."

22. Thus, Peter guaranteed the payment of the Repayment Amount ($2,249,800), default interest and Lender's attorneys' fees and expenses incurred as a consequence of any event of default and any acceleration.

23. Pursuant to the Guaranty, Lender brought suit against Peter in New York, NY (Index No. 655323/2024) and obtained a judgment against Peter, attached hereto and incorporated herein as Exhibit 2, dated January 18, 2025 in the amount of $ 844,800, with interest at the rate of 24% per annum from the date of November 10, 2023, until the date of the decision on this motion, and thereafter at 24% per annum, as calculated by the Clerk plus $218,591 in default interest accrued prior to November 10, 2023, together with costs and disbursements as taxed by the Clerk upon submission of an appropriate bill of costs ("NY Judgment").

24. Since obtaining the NY Judgment, Lender has requested that the NY Judgment be settled by Peter with assets from the Trust but Peter has advised that Comerica has a lien on the Trust and Peter thus cannot make payment to Lender.

### CLAIM 1 - Fraud In The Inducement - Representation #1

25. Lender restates, realleges, and incorporates by reference each and every paragraph set forth above, as though fully set forth herein and further state, in the alternative, the following:

26. In the Resolution which is dated as of September 15, 2022, Peter, Stephen and Jill made a material representation to Lender that they planned to distribute all Trust assets to the beneficiaries within 30 days ("Representation #1").

27. Representation #1 was false at the time it was made to Lender and is false today because to date, all Trust assets have not been distributed to the beneficiaries.

28. When Peter, Stephen and Jill made Representation #1 to Lender, they knew that it was false, or made it recklessly, without knowledge of its truth and as a positive assertion.

29. Peter, Stephen and Jill made Representation #1 to Lender with the intention that it would induce Lender to make the Loan to Borrower and/or induce Lender to execute the Guaranty with Peter.

30. Having been induced by Peter, Stephen and Jill and in reliance upon Representation #1, Lender executed the Guaranty with Peter and pursuant to the Financing Agreement between Lender and Borrower, Lender made the Loan to Borrower in the principal amount of $1,910,493.

31. Since obtaining the NY Judgment, Lender has requested from Peter that the NY Judgment be settled with assets from the Trust but Peter has advised that Comerica has a lien on the Trust and Peter thus cannot make payment to Lender so, as a result of the falsity of Representation #1, Lender has suffered damage in the amount of the NY Judgment less any payment(s) received since the issuance of the NY Judgment, if any, but in no event less than $700,000.

32. Lender respectfully requests that this Court enter a judgment against Peter, Stephen and Jill, jointly and severally, in an amount to be proven at trial but in any event in the amount of the NY Judgment less any payment(s) received since the issuance of the NY Judgment, if any, but in no event less than $700,000 and additionally interest, costs and attorney's fees, to which Lender is deemed to be entitled.

### CLAIM 2 - Fraud In The Inducement - Representation #2

33. Lender restates, realleges, and incorporates by reference each and every paragraph set forth above, as though fully set forth herein and further state, in the alternative, the following:

34. In the Resolution which is dated as of September 15, 2022, Peter, Stephen and Jill made a material representation to Lender that Peter, Stephen and Jill unanimously consent to Peter using his beneficial interest, through the Trust, of 32% of the total membership interest in PJC and 32% of the assets of PJC to guarantee one or more personal investments ("Representation #2").

35. Representation #2 was false at the time it was made to Lender and is false today because to date, all Trust assets are allegedly subject to a Comerica lien so Peter's portion could not have been used to guarantee one or more of his personal investments.

36. When Peter, Stephen and Jill made Representation #2 to Lender, they knew that it was false, or made it recklessly, without knowledge of its truth and as a positive assertion.

37. Peter, Stephen and Jill made Representation #2 to Lender with the intention that it would induce Lender to make the Loan to Borrower and/or induce Lender to execute the Guaranty with Peter.

38. Having been induced by Peter, Stephen and Jill and in reliance upon Representation #2, Lender executed the Guaranty with Peter and pursuant to the Financing Agreement between Lender and Borrower, Lender made the Loan to Borrower in the principal amount of $1,910,493.

39. Since obtaining the NY Judgment, Lender has requested from Peter that the NY Judgment be settled with assets from the Trust but Peter has advised that Comerica has a lien on the Trust and Peter thus cannot make payment to Lender so, as a result of the falsity of Representation #2, Lender has suffered damage in the amount of the NY Judgment less any payment(s) received since the issuance of the NY Judgment, if any, but in no event less than $700,000.

40.     Lender respectfully requests that this Court enter a judgment against Peter, Stephen and Jill, jointly and severally, in an amount to be proven at trial but in any event in the amount of the NY Judgment less any payment(s) received since the issuance of the NY Judgment, if any, but in no event less than $700,000 and additionally interest, costs and attorney's fees, to which Lender is deemed to be entitled.

### PLAINTIFFS' DEMAND A JURY TRIAL

Plaintiffs hereby demand a trial by jury in this Action.

West Hollywood, California
May 27, 2025

Respectfully submitted,

s/ Raymond J. Markovich
Raymond J. Markovich, Esq.
U.S. Law Group
*aka* Usman Shaikh Law Group
427 N. Canon Drive, Suite 206
Beverly Hills, CA 90210
M:      323-401-8032
Tel:    212-634-4545
Fax:    212-634-4546
ray@uslawgroupinc.com

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

  I hereby certify that on May 27, 2025, I electronically filed the foregoing Complaint and Demand For Jury Trial with the Clerk of the Court using the ECF system.

West Hollywood, California
May 27, 2025           Respectfully submitted,

                 s/ Raymond J. Markovich
                 Raymond J. Markovich, Esq.
                 U.S. Law Group
                 *aka* Usman Shaikh Law Group
                 427 N. Canon Drive, Suite 206
                 Beverly Hills, CA 90210
                 M:  323-401-8032
                 Tel:  212-634-4545
                 Fax:  212-634-4546
                 ray@uslawgroupinc.com

                 *Attorneys for Plaintiff*